■ HAROLD SCHANTZ, Respondent, v. ROBERTA SCHANTZ, Appellant. In the Matter of ROBERTA SCHANTZ, Appellant. SADIE SCHANTZ et al., Respondents.— In an annulment action by the husband in which the wife, by amendment of her answer at the trial interposed a counterclaim for annulment, the wife appeals: (1) from an order of the Supreme Court, Kings County, dated September 29, 1959, which denied her motion to vacate, on the ground of duress and coercion, an interlocutory judgment of annulment in her favor; and (2) from an order of the same court dated December 3, 1959 which granted her motion for reargument of another prior motion by her to modify the judgment of annulment and, upon reargument, adhered to the original determination denying her motion to modify said judgment so as to award her custody of her child and $25 a week for his support. In a habeas corpus proceeding, the wife, as the petitioner therein, appeals from so much of an order of the same court dated November 10, 1959 as dismissed her petition for custody of the child. Order dated September 29, 1959 affirmed, without costs. No opinion. Order dated November 10, 1959, insofar as appealed from, affirmed, without costs. No opinion. Order on reargument, dated December 3, 1959, reversed, without costs, and the motion to modify the interlocutory judgment of annulment so as to award the wife custody of her child and the sum of $25 a week for his support, remitted to the Special Term for a hearing and determination as to whether she is a fit person to have custody. The provisions of the March, 1959 interlocutory judgment of annulment, awarding custody of the child of the parties to the paternal grandparents, with certain rights of visitation to the wife, were based on the agreement of the parties, without any investigation or hearing as to the wife's fitness and upon the express understanding that, within a few months, when she expected to be finally discharged from Kings Park State Hospital from which she was then on parole, she would apply to the court for a change in the decretal provisions of the judgment with respect to the child's custody. It is undisputed that appellant has been so discharged. It is also undisputed that the question of her fitness has never been judicially explored or made the subject of expert testimony. Under the circumstances presented, we are of the opinion that a hearing should be held on the issue of the wife's present fitness to undertake the custody of her child, and that such issue should be determined after a complete investigation of the facts, bearing in mind the paramount right to custody of the natural parent, if fit, over that of any other person (cf. *People ex rel. Portnoy v. Strasser,* 303 N. Y. 539, 542). Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ LEON K. SHANACK, Appellant, v. LONG ISLAND DAILY PRESS PUBLISHING COMPANY, INC., Respondent.— In an action for libel, the plaintiff appeals from an order of the Supreme Court, Nassau County, entered December 11, 1959, denying his motion to examine defendant before trial. The motion was made after plaintiff had filed a statement of readiness, but was denied on the ground that plaintiff failed to show any facts warranting the granting of relief under subdivision 9 of the statement of readiness rule of this court (Rules App. Div. [2d Dept.], special rule, eff. Jan. 15, 1957, as amd.). Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.

■ KATHERINE SHUSTERICH et al., Appellants, v. MARTIN T. PERRY, Respondent.— In an action to recover damages for personal injuries and for loss of services, the plaintiffs appeal from so much of an order as denied their motion for summary judgment striking out defendant's answer (Rules Civ. Prac., rule 113). Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.